# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2025

Lyle W. Cayce
Clerk

No. 24-50735
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Guadalupe Marquez-Floriano,

*Defendant—Appellant*.

———————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:23-CR-2982-1

———————————

Before Richman, Douglas, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Jose Guadalupe Marquez-Floriano appeals the sentence imposed following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. Marquez-Floriano challenges the application of the enhanced penalty range in § 1326(b) as unconstitutional because it permits a defendant to be sentenced above the statutory maximum of § 1326(a) based on a prior

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50735

conviction that was not alleged in the indictment or found by a jury beyond a reasonable doubt.  As he correctly concedes, this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a 'narrow exception' permitting judges to find only 'the fact of a prior conviction'" (quoting *Alleyne v. United States*, 570 U.S. 99, 111 n.1 (2013))).  He raises this issue to preserve it for further review.  The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time to file a brief.

Because summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.